IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIG INSURANCE COMPANY,

    Plaintiff,

v.

CARA LYNN HOFFMAN, M.D. and
DOUGLAS WOMEN'S CENTER, P.C.,

    Defendants.

CIVIL ACTION NO.
1:05-CV-0061-JEC

**ORDER**

This case is before the Court on defendant Douglas Women's Center's Emergency Motion for Protective Order and to Extend Discovery or Determine That No Further Discovery Shall Be Had ("DWC")[32], which was filed on October 21, 2005. In that motion, defendant DWC sought to have this Court either prohibit plaintiff from deposing a co-defendant in the case, Dr. Cara Hoffman, or else extend discovery to allow defendant DWC to insist that plaintiff respond to written discovery requests served on plaintiff on October 5, 2005. Discovery closed on October 11, 2005.

As the plaintiff appears to have taken the deposition of defendant Hoffman on October 24, 2005, defendant DWC's motion for a protective order prohibiting that discovery is moot. It should be further noted that defendant Hoffman did not object to this

AO 72A
(Rev.8/82)

deposition, albeit it was taken two weeks after discovery ended. Defendant DWC's alternative motion is that discovery be reopened to allow defendant to receive responses to its written discovery. (Defendant actually moved to extend discovery until December 9, 2005. Yet, as discovery had already expired when defendant filed this motion, defendant's motion was necessarily a motion to reopen discovery). Defendant DWC does not disagree with plaintiff's contention that defendant's written discovery was untimely served, as responses to this discovery would have been served outside the time of the discovery. Instead, DWC cites equitable principles, arguing that as plaintiff was taking the deposition of defendant Hoffman after discovery had expired, then DWC should also be able to continue discovery after expiration of the deadline.

The Court does not find defendant DWC's arguments to be persuasive. As plaintiff notes, the delay in taking Dr. Hoffman's deposition largely occurred as a result of plaintiff's agreement to accommodate scheduling problems resulting from Dr. Hoffman's pregnancy and delivery of a baby. It would be one thing if this dispute were between Dr. Hoffman and plaintiff, but, as noted, Dr. Hoffman did not object to taking the deposition outside of the discovery period. Second, there is a vast difference between taking one deposition beyond the discovery period, particularly when the deposing party was not responsible for the delay in taking that

AO 72A
(Rev.8/82)

deposition, and seeking responses to written discovery requests outside the discovery period. Written discovery usually occurs at the beginning of discovery because it is a precursor to other discovery. DWC's request would not end discovery, but would trigger more discovery. The present case has already had an extended eight-month period of discovery. Accordingly, the Court concludes that defendant DWC has shown no good cause for further extending discovery to allow for written discovery that presumably should have occurred long before the expiration of the discovery period.

For the above reasons, the Court **DENIES** defendant Douglas Women's Center's Emergency Motion for Protective Order and to Extend Discovery or Determine That No Further Discovery Shall Be Had [32]. The Court also **DENIES** plaintiff's Motion for Leave to File Supplemental Brief in Opposition to DWC's Emergency Motion for Protective Order [42] as **MOOT**. Plaintiff's and defendant DWC's motions for summary judgment remain pending.

SO ORDERED, this ___1___ day of December, 2005.

/s/ Julie E. Carnes
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)